# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: February 26, 2026

```
* * * * * * * * * * * * * *   *
SHIREESHA EEDUNURU,           *
on behalf of her minor child, R.R.K.,  *
                              *
              Petitioner,     *       No. 23-1613V
                              *
v.                            *       Special Master Young
                              *
SECRETARY OF HEALTH           *
AND HUMAN SERVICES,           *
                              *
              Respondent.     *
* * * * * * * * * * * * * *   *
```

*Brian Robert Arnold*, Brian R. Arnold & Associates, Richardson, TX, for Petitioner.
*Katherine Edwards*, U.S. Department of Justice, Washington, DC, for Respondent.

## DISMISSAL DECISION[1]

On September 19, 2023, Shireesha Eedunuru ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program[2] on behalf of her minor child, R.R.K. Pet., ECF No. 1; Am. Pet., ECF No. 35. Petitioner alleged that the administration of a measles, mumps, and rubella ("MMR") vaccine R.R.K. received on September 18, 2020, caused R.R.K. to suffer from encephalopathy. Am. Pet. at ¶ 13.

On February 24, 2026, Petitioner filed a motion for a decision dismissing her petition. ECF No. 43. Petitioner acknowledged judgment will result against her and will end her rights in the Vaccine Program. *Id.* at 1. Respondent confirmed he had no objection to Petitioner's motion. *See* Informal Comm., docketed Feb. 26, 2026.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act," "the Act," or "the Program"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

To receive compensation under the Program, Petitioner must prove either (1) that R.R.K. suffered a "Table Injury"—i.e., an injury falling within the Vaccine Injury Table—corresponding to the vaccination, or (2) that R.R.K. suffered an injury that was caused by a vaccine. *See* §§ 13(a)(1)(A), 11(c)(1). An examination of the record did not uncover any evidence that R.R.K. suffered a "Table Injury." Further, the record does not contain persuasive evidence that R.R.K.'s alleged injury was caused by the MMR vaccine.

Under the Act, petitioners may not be given a Program award based solely on their claims alone. Rather, the petition must be supported by medical records or the opinion of a competent physician. § 13(a)(1). In this case, the medical records are insufficient to prove Petitioner's claim, and Petitioner has not filed a supportive opinion from an expert witness. Therefore, this case must be **dismissed for insufficient proof. The Clerk shall enter judgment accordingly**.[3]

**IT IS SO ORDERED.**

/s/ Herbrina D. S. Young
Herbrina D. S. Young
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.